The PEOPLE of the State of
Colorado, Complainant,

v.

Dean M. LARSON, Attorney–
Respondent.

No. 92SA53.

Supreme Court of Colorado,
En Banc.

April 13, 1992.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

George C. Johnson, Denver, for attorney-respondent.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct in this attorney disciplinary proceeding. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be suspended from the practice of law for six months for depositing personal funds into a trust account and for writing approximately seventy insufficient funds checks over an eighteen-month period. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be suspended for six months, pay restitution and be subject to full reinstatement proceedings as set forth in the stipulation, and pay the costs of these proceedings.[1]

I

The respondent was admitted to the bar of this court on October 4, 1966, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). In the stipulation, the respondent admitted the following facts.

1. Between November 1988 and May 23, 1989, the respondent wrote thirty-two insufficient funds checks on his professional operating account at Colorado National Bank (CNB). On May 23, 1989, the respondent deposited $174.50 into the CNB ac-

**1.** We note that no formal complaint was filed against the respondent in this case. We adhere to our statement in *People v. Borchard,* 825 P.2d 999 n. 1 (Colo.1992), that
   when the alleged misconduct warrants more than a letter of admonition, we believe that the better practice would be to submit the stipulation, agreement, and conditional admission to the inquiry panel only after that

panel has found reasonable cause to believe that grounds for discipline exists and has authorized the disciplinary counsel to prepare and file a formal complaint.
   We have reviewed the record in this case, however, and conclude that no good purpose would be served by returning this case to the inquiry panel to await the filing of a formal complaint.

count to cover the account's negative balance and he closed the account.

2. The respondent opened a professional operating account at Bank Western. Between April and August 1989, the respondent wrote thirty insufficient funds checks on the account. Bank Western refused to pay nineteen of the checks, totalling $3,511.43. When the respondent did not pay the negative balance in the operating account, Bank Western obtained a default judgment against him for $4,773.75 on April 5, 1990. Although the respondent and Bank Western subsequently entered into a stipulation requiring the respondent to pay a negotiated settlement in installments, the respondent has made no payments under the stipulation.

3. On August 22, 1989, the respondent deposited $500 in personal funds into a professional trust account he maintained at Bank Western.

4. Between August 22, 1989, and May 14, 1990, the respondent wrote seven insufficient funds checks totalling $911.61, on the Bank Western trust account.

5. CheckRite of Denver, which represents merchants in the Denver metropolitan area, received ten dishonored checks written by the respondent to CheckRite's members. The checks were drawn on the respondent's CNB operating account, Bank Western operating account, and Bank Western trust account. On March 1, 1990, CheckRite obtained a default judgment against the respondent for $1,899.43. This judgment remains unsatisfied.

## II

■ The respondent has admitted, and we agree, that his conduct in writing approximately seventy insufficient funds checks violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). *See People v. Lamberson*, 802 P.2d 1098, 1099–1100 (Colo.1990). Moreover, when he deposited personal funds into the Bank Western trust account, the respondent violated DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located; no funds belonging to the lawyer or law firm shall be deposited into the depository account with two exceptions that do not apply in this proceeding).

■ The respondent has agreed to the imposition of a six-month suspension with certain conditions concerning reinstatement and restitution, and the inquiry panel has approved the stipulation. We suspended the attorney-respondent in *Lamberson* for one year and one day. *Lamberson,* 802 P.2d 1101. The professional misconduct in *Lamberson,* however, included the misuse of client funds, a factor that is not present here. In addition, the respondent has no prior discipline in over twenty-five years of practice. We conclude that a six-month suspension is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that Dean M. Larson be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that to be reinstated Larson must proceed by petition pursuant to C.R.C.P. 241.22(b)–(d). It is further ordered that prior to seeking reinstatement, Larson shall satisfy the Bank Western and CheckRite judgments against him in the amounts of $4,773.75 and $1,899.43, respectively. It is further ordered that Larson pay the costs of this proceeding in the amount of $62.50 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.