**The PEOPLE of the State of Colorado, Complainant,**

v.

**Morton Lee DAVIS, Attorney–Respondent.**

**No. 95SA97.**

Supreme Court of Colorado, En Banc.

April 17, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Morton L. Davis, Aurora, pro se.

PER CURIAM.

The respondent[1] and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct in this lawyer discipline proceeding. C.R.C.P. 241.18. The parties recommended that the respondent be suspended from the practice of law in a range of 30 to 180 days for commingling client and personal funds in a trust account and for writing

1. The respondent was admitted to the bar of this court on September 30, 1958, and is registered

forty-five insufficient funds checks on the trust account over a one-year period in 1993. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be suspended for 120 days with certain conditions for restitution prior to reinstatement. We accept the stipulation and agreement, but we modify the period of suspension to 180 days, with the conditions for restitution, and order that the respondent pay the costs of these proceedings.

## I

The respondent admitted that in 1993 he wrote forty-five insufficient funds checks on his trust account, and that he commingled his personal funds with funds belonging to his clients in that trust account. The assistant disciplinary counsel indicates that none of the respondent's clients have complained about the misuse of their funds, and the respondent asserts that all of the checks issued by respondent were eventually honored. However, the respondent owes $558.43 to Omni Bank for bank fees associated with the bank's handling of the insufficient funds checks, and the bank has reduced that debt to a judgment against the respondent.

As the respondent stipulated, his conduct violated R.P.C. 1.15(a) (a lawyer shall hold property of clients or third persons in the lawyer's possession separate from the lawyer's own property), and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). *See People v. Larson,* 828 P.2d 793, 794 (Colo. 1992) (writing approximately seventy insufficient funds checks on client trust account in which lawyer commingled client and personal funds violated disciplinary rules prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation; and forbidding deposit of personal funds into client trust account). Moreover, the respondent's failure to communicate with one of the victims of his insufficient funds checks violated R.P.C. 8.4(h)

(engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

The respondent has agreed to the imposition of a suspension ranging from 30 to 180 days. The inquiry panel recommended that the respondent be suspended for 120 days, with reinstatement conditioned on the respondent's establishing that he has in fact honored all of the insufficient funds checks. The parties have also agreed that the respondent should be required to demonstrate that he has made full restitution to Omni Bank prior to reinstatement.

We suspended the lawyer-respondent in *Larson* for six months, for similar, if slightly worse, misconduct. We noted that the lawyer in *Larson,* 828 P.2d at 794, had no prior discipline in twenty-five years of practice. The respondent in this case has already received two admonitions and a private censure. *See* ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) 9.22(a) (prior discipline is an aggravating factor). We also acknowledge that this prior discipline occurred over the respondent's thirty-six year legal career, however, and that he cooperated in these proceedings, *id.* at 9.32(e) (cooperation in disciplinary proceedings is a mitigating factor).

Considering the seriousness of the misconduct together with the earlier discipline, we conclude that suspension for 180 days is more appropriate than a shorter period. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, but modify the inquiry panel's recommended discipline.

## III

It is hereby ordered that Morton Lee Davis be suspended from the practice of law for 180 days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, as conditions of, and prior to, reinstatement, Davis demon-

as an attorney upon the official records of this court and is accordingly subject to the jurisdic-

tion of the grievance committee and this court in these proceedings. C.R.C.P. 241.1(b).

strate that he has honored all of the insufficient funds checks, and has made restitution in full to Omni Bank. It is further ordered that within thirty days after the announcement of this opinion Davis pay the costs of this proceeding in the amount of $49.02 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

1. The respondent was admitted to the bar of this court on December 11, 1981, is registered as an attorney upon the official records of this court, and is accordingly subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).