The PEOPLE of the State of
Colorado, Complainant,

v.

Michael Lee FAGER, Attorney–
Respondent.

No. 96SA249.

Supreme Court of Colorado,
En Banc.

Oct. 15, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

This case involves lawyer discipline. The respondent defaulted before the supreme court grievance committee and has not appeared in this court. A hearing panel generally approved the findings and recommendations of a hearing board that the respondent be suspended from the practice of law for one year and one day and pay certain restitution. The panel modified the recommendation in one respect by requiring the respondent to explain what he did with those client funds described in the ·findings and which have not been accounted for. We accept the panel's recommendations.

I.

The respondent was admitted to practice law in this state in 1979. The respondent did not answer the formal complaint filed in this case and the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

A.

Ron Preece retained the respondent to represent him in a dissolution of marriage proceeding. On March 23, 1994, the Moffat County District Court entered a case management order requiring that discovery be completed by June 25, 1994. The parties were also ordered to inform the court and opposing counsel of the names of expert witnesses and their anticipated testimony, by June 1, 1994.

The respondent filed an expert witness list on June 3, 1994, which included Donna Myers, whose testimony concerned taxes and accounting matters; anticipated testimony from an unidentified business appraiser; and a custody evaluator identified as either Lynn van Westrenen or Linda Weber. On June 27, 1994, the respondent filed his disclosure certificate stating that he would call the following experts: Lynn van Westrenen to testify about her knowledge of the case as a custody evaluator; Ann Detwiler, the minor child's counselor; and Business Appraisal Associates to testify about "their knowledge" of the case.

The opposing counsel on June 28 filed an objection to the respondent's late endorsement of expert witnesses, the failure of the respondent to identify a particular person who would testify for Business Appraisal Associates, and to the testimony of Ann Detwiler, as untimely and not in compliance with the court's order.

The court entered a decree of dissolution on July 26, 1994, but the custody issue was continued until August 31, 1994. The opposing lawyer wrote to the respondent on August 17, requesting disclosure of anticipated expert witnesses concerning custody. The respondent filed a supplemental disclosure certificate on August 26, listing a Dr. Bernhardt who would testify about her evaluation of the respondent's client and the custody evaluation performed by Lynn van Westrenen. The respondent also listed Dr. Chris Young and Karen Post, M.A., as experts to testify regarding the children.

The opposing lawyer objected on August 29, 1994, to the supplemental disclosure certificate based on the respondent's failure to

respond to interrogatories concerning expert witnesses, the lack of the respondent's responses to the lawyer's letters, and the failure of the respondent to comply with the court orders regarding discovery.

On August 31, 1994, the district court sustained the objections, noting the respondent's discovery violations, and did not allow Dr. Bernhardt and other lay witnesses to testify. The court also awarded custody of Mr. Preece's children to his ex-wife. On September 28, 1994, the respondent asked leave of court to withdraw as Preece's lawyer because Preece had fired him.

The foregoing conduct violated R.P.C. 1.1 (a lawyer shall provide competent representation to a client), and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer).

### B.

■ Ron Preece's parents gave the respondent $500 to obtain the services of a private investigator. The respondent paid the investigator $250. The investigator withheld his report to the custody evaluators pending receipt of the balance of $250, which was never paid. The remaining $250 is unaccounted for.

Ron Preece paid the respondent an additional $1,500 to hire another private investigator and for Dr. Bernhardt. The respondent paid $300 to the investigator and $500 to Dr. Bernhardt. The remaining $700 is unaccounted for.

The respondent failed to render a full accounting of client funds and failed to return client property in violation of R.P.C. 1.15(a) and (b), and he engaged in dishonest conduct contrary to R.P.C. 8.4(c).

### C.

■ Donna Sanders and her mother, Bella DeLazzer, spoke with the respondent on November 9, 1994, about having a new will prepared for the mother. DeLazzer paid the respondent $75 for the consultation and $300 for preparation of the will, for a total of $375. After giving her a receipt for the $300, and receiving her old will, the respondent told

DeLazzer that he would prepare the new one in two weeks. About three weeks after the initial meeting, Sanders spoke with the respondent about the new will, and the respondent told her that his secretary had quit unexpectedly and that the will would be ready soon. Sanders attempted to contact the respondent in December 1994 and January 1995 numerous times, without success. Finally, Sanders talked to the respondent in early 1995, and he told her that the will would be ready the next day at his office for her mother's signature. When Sanders and her mother came to the respondent's office the next day, however, he did not appear.

Sanders learned that the respondent would be in Craig, Colorado on March 18, 1995, at about 8:00 a.m. Sanders and DeLazzer arrived at the respondent's office in Craig that morning and met the respondent. He told them that he did not have the old will and that the new one had not been prepared. When Sanders asked for the old will and the money paid for the new will back, the respondent stated that he would return the old will and some of the money within ten working days. Neither Sanders nor her mother has received the old will or any refund of the money paid to the respondent.

The respondent thereby violated R.P.C. 1.3 (neglect of a legal matter), R.P.C. 1.15(a) (failure to keep funds in a separate account and to maintain complete records of the funds), R.P.C. 1.15(b) (failure to promptly return client property and funds upon request), and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### II.

■ The hearing panel generally approved the board's recommendations that the respondent be suspended for one year and one day and be ordered to pay restitution as a condition of reinstatement. The assistant disciplinary counsel did not except to the panel's action. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury

or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Similarly, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." *Id.* at 4.12.[1]

Aggravating factors include previous discipline consisting of a private censure in 1993 and another private censure in 1994, *id.* at 9.22(a) (previous record of discipline is an aggravating factor with respect to assessing appropriate discipline); a pattern of misconduct, *id.* at 9.22(c); and multiple offenses, *id.* at 9.22(d). Further, the respondent failed to cooperate in the disciplinary proceedings, *id.* at 9.22(e); refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and has substantial experience in the practice of law, *id.* at 9.22(i). Because the respondent did not appear or participate in the proceedings, the board was unaware of any mitigating factors.

As in *People v. Zimmermann*, 922 P.2d 325, 329–30 (Colo.1996), the respondent's misuse of unearned client funds is troubling. Given the seriousness of the neglect and misuse of client property, as well as the respondent's total failure to participate in these proceedings, we believe that requiring the respondent to petition for reinstatement, as we did in *Zimmermann*, is essential. Although we have some misgivings that the length of suspension may be too short, we have decided to accept the hearing panel's and hearing board's recommendation of suspension for one year and one day. We agree that the respondent should be required to make restitution as set forth in the board's findings as a condition of reinstatement. Finally, we believe, as did the hearing panel, that the respondent must explain the disposition of the missing client funds as a further condition of reinstatement.

### III.

Accordingly, it is hereby ordered that Michael Lee Fager be suspended from the practice of law for one year and one day,

effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent demonstrate, as a condition of reinstatement, that he has made restitution to Ron Preece and his parents in the amount of $2,000, plus statutory interest from March 31, 1994. It is further ordered that the respondent demonstrate, as a condition of reinstatement, that he has made restitution to Bella DeLazzer or Donna Sanders in the amount of $375 plus statutory interest from November 9, 1994. As an additional condition of reinstatement, the respondent must account for the funds he was given by his clients in the Preece and DeLazzer matters.

Finally, it is ordered that the respondent pay the costs of this proceeding in the amount of $132.47 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202. Fager must undergo reinstatement proceedings as set forth in C.R.C.P. 241.22(b)-(d).

KOURLIS, J., does not participate.

---

1. Had the hearing board found that the respondent knowingly misappropriated his clients' property or funds, disbarment would be appropriate. *People v. Varallo*, 913 P.2d 1, 10–11 (Colo.1996) (knowing misappropriation of client funds warrants disbarment); ABA *Standards* 4.11 (disbarment generally appropriate when lawyer knowingly converts client property).