The PEOPLE of the State of Colorado, Complainant,

v.

Michael Lee FAGER, Attorney–Respondent.

No. 97SA43.

Supreme Court of Colorado,
En Banc.

May 19, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case defaulted before the hearing board and has not appeared in this court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred and pay restitution as a condition for readmission. We accept the

panel's recommendation and order that the respondent be disbarred.

## I

The respondent was admitted to practice law in Colorado in 1979. The hearing board entered a default against the respondent because he did not answer the formal complaints filed in this case. The allegations of fact contained in the complaints were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented by the complainant, the board made the following findings.

## A

The respondent was suspended on May 11, 1995 for failure to comply with mandatory continuing legal education requirements. *See* C.R.C.P. 260.6(10). While under this administrative suspension, the respondent represented Kim Knittle in post dissolution matters. After a certain point in the representation, neither Knittle nor opposing counsel was able to contact the respondent about the case. The respondent did not file a motion to withdraw, however. The respondent violated Colo. RPC 5.5(a) (practicing law in violation of the regulations of the legal profession); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); C.R.C.P. 241.6(6) (violating the rules regarding lawyer discipline or an order of discipline); and C.R.C.P. 241.21(a)–(d) (setting out steps a lawyer is required to take following suspension).

## B·

While under his administrative suspension, the respondent appeared in district court in a criminal matter in which he represented the defendant Ronald Croteau. The respondent did not notify the court of his suspension. The district judge had learned of the respondent's CLE suspension previously, however, and questioned the respondent about it. The respondent professed ignorance. After the judge advised him of his obligations under C.R.C.P. 241.21(c), the respondent withdrew

from the case and Croteau's sentencing hearing was continued. The respondent's conduct violated Colo. RPC 5.5(a), Colo. RPC 8.4(d), Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), C.R.C.P. 241.6(6), and C.R.C.P. 241.21(a)–(d).

## C

The respondent represented Robert and Sharon Sheridan in their personal bankruptcy. The Sheridan's debts were discharged by court order on June 9, 1993. As of August 1995, however, the Sheridans had not received copies of any orders and were not aware that they had received a discharge because the respondent has not communicated with them since 1992.

In 1992, the Sheridans were in a dispute with the Bureau of Land Management regarding grazing rights. They paid the respondent an $800 advance fee, to be billed at $80 per hour, but by May 1995, their grazing rights had not been restored and they had not heard from the respondent since late 1992. When they went to his office, they discovered that he had vacated the premises. The Sheridans have never received an accounting from the respondent concerning their $800 advance fee, nor do they know if he performed any work on their behalf in the BLM matter at all.

The hearing board found that the respondent violated Colo. RPC 1.3 (neglecting a legal matter), Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter), and Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation).

## D

Catherine A. May hired the respondent in the fall of 1993 to represent her in certain post-dissolution matters involving the collection of debts that her former husband had been ordered to pay. May paid the respondent $300. She signed a "Verified Motion for Entry of Judgment" concerning her ex-husband's debts. The respondent told May that he would immediately file the pleading in the

district court that entered the dissolution. She has been unable to contact the respondent since 1994. No pleadings have been filed in May's dissolution case since 1991. The respondent's conduct violated Colo. RPC 1.3 (neglect), Colo. RPC 1.4(a) (failing to communicate with a client), and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Because correspondence sent to the respondent at the business and home addresses he provided to attorney registration has been returned, he also violated C.R.C.P. 241.6(6) and C.R.C.P. 227(A)(2)(b).

### E

The respondent wrote non-sufficient funds checks at a grocery store in Craig, Colorado on December 17 and 18, 1994. On March 1, 1995, he pleaded guilty to the misdemeanor charge of fraud by check. He received a deferred judgment and sentence conditioned on his making restitution and paying an administrative fee to the City of Craig by August 1, 1995. Because he did not pay the fee, however, the deferred judgment was revoked. The respondent failed to attend his revocation hearing. His conduct violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). He did not report the conviction as required by C.R.C.P. 241.16(b).

### F

Kenneth A. and Betty L. Rice retained the respondent in 1994 to assist them with problems they were having with their creditors. Beginning in early 1994, the Rices paid the respondent between $900 and $1200 per month with the understanding that he would consolidate their bills and pay their debts with the money. The respondent assured the Rices that he was holding their funds in a trust account. He agreed to make the Rices' payments on the balances due to four credit card companies, a mortgage company, a homeowner's insurance policy, and a timeshare property. The Rices provided the respondent with all of the relevant records and he made arrangements for the future invoices for these particular debts to be sent directly to him. Thereafter, the Rices received no information concerning the status of their accounts. The respondent has never provided them with any statements or accountings pertaining to the debts or the use of their funds, although he has been asked to do so.

In late 1994 or early 1995, the respondent informed the Rices that he was moving his practice from Craig to Denver, Colorado. He also told them to make their monthly deposits directly into the trust account rather than sending the funds to him.

When the Rices began to receive calls from their creditors indicating that they had not been paid, the Rices tried to contact the respondent, without success. The last time they spoke to the respondent was February 1995. In the spring of 1995, there was $1,700 of their money in the respondent's account. The respondent was the only person who could sign checks or withdraw funds from the account. The current balance is just over $1,000, notwithstanding the fact that no payments were made to any of the Rices' creditors since the balance was $1,700.

The hearing board concluded that the respondent's conduct in the Rice matter violated Colo. RPC 1.3 (neglect), Colo. RPC 1.4(a) (failing to communicate with clients), Colo. RPC 1.5(b) (failing to explain the basis or rate of the fee to clients), Colo. RPC 1.15(b) (failing to deliver client funds upon request and failing to render an accounting), Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation), and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). The respondent also failed to answer the request for investigation and to return telephone calls from the Office of Disciplinary Counsel, contrary to C.R.C.P. 241.6(7).

### II

The hearing panel approved the board's recommendation that the respondent be dis-

barred and be ordered to pay restitution. The complainant has not excepted to the recommendation and the respondent has not appeared in this court. The hearing board concluded:

> Counsel for complainant argues that disbarment is the appropriate recommendation in this matter. We agree. The respondent engaged in multiple instances of neglect, failed to return unearned client funds, practiced law while under administrative suspension, and converted client funds to his own personal or business use. Furthermore, the respondent has failed to respond to the various requests for investigation, failed to answer the formal complaints filed in this matter, and failed to appear before this hearing board.

We agree that disbarment is appropriate in this case. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Townshend*, 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use); *People v. Steinman*, 930 P.2d 596, 599–600 (Colo. 1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Jamrozek*, 914 P.2d 350, 354 (Colo.1996) (lawyer disbarred who accepted fees from number of clients, then abandoned them, causing clients substantial harm); *People v. Tucker*, 904 P.2d 1321, 1325 (Colo.1995) (lawyer disbarred who abandoned her clients while continuing to collect attor-

ney fees for work that would not be performed); *People v. Fritsche*, 897 P.2d 805, 806–07 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings disbarred).

The respondent did not participate in the hearing and the board found no factors in mitigation. In aggravation, however, the respondent has prior discipline in the form two private censures. *See* ABA *Standards* at 9.22(a) (previous record of discipline is an aggravating factor with respect to assessing appropriate discipline). In addition, on October 15, 1996, we suspended the respondent for one year and one day for misconduct similar to, and over the same period of time, as the misconduct in this case. *See People v. Fager*, 925 P.2d 280 (Colo.1996). In accepting the recommendation of discipline in that case, we stated:

> As in *People v. Zimmermann*, 922 P.2d 325, 329–30 (Colo.1996), the respondent's misuse of unearned client funds is troubling. Given the seriousness of the neglect and misuse of client property, as well as the respondent's total failure to participate in these proceedings, we believe that requiring the respondent to petition for reinstatement, as we did in *Zimmermann*, is essential. *Although we have some misgivings that the length of suspension may be too short, we have decided to accept the hearing panel's and hearing board's recommendation of suspension for one year and one day.*

*Fager*, 925 P.2d at 283 (emphasis added). In light of these more recent developments, we accept the panel's recommendation and order that the respondent be disbarred.

### III

It is hereby ordered that Michael Lee Fager be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent make the following restitution: (1) $800 plus statutory interest from January 31, 1992, to Robert and Sharon Sheridan; (2) $300 plus statutory interest from November 30, 1993, to Catherine A.

May; and (3) $10,000 plus statutory interest from February 28, 1994, to Kenneth A. and Betty L. Rice.

It is further ordered that the respondent pay the costs of this proceedings in the amount of $477.64 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

KOURLIS, J., does not participate.