The PEOPLE of the State of
Colorado, Complainant,

v.

Morton Lee DAVIS, Attorney–
Respondent.

No. 97SA406.

Supreme Court of Colorado,
En Banc.

Jan. 12, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Morton Lee Davis, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline case was suspended for a period of 180 days in 1995, and he has not sought reinstatement. *See People v. Davis,* 893 P.2d 775 (Colo. 1995). The complainant and the respondent have submitted a proposed disposition in the form of a stipulation, agreement, and conditional admission of misconduct under C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended in the range of six months to one year and one day, with the requirement that the respondent undergo reinstatement proceedings. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended a six-month suspension plus reinstatement proceedings. We accept the conditional admission and the inquiry panel's recommendation and order that the respondent be suspended for six months and be required to undergo reinstatement proceedings under C.R.C.P. 241.22(b)–(d).

I

The respondent was admitted to practice law in this state in 1958. The conditional admission states that a client hired the respondent in late 1989 to file a medical malpractice action against a hospital and certain emergency room physicians in January 1988. The client's claim was that the doctors had prescribed medication for a severe asthma attack she was having and that this medication allegedly caused her to experience a psychotic episode some days later. The respondent was retained shortly before the statute of limitations was to expire.

After he filed the complaint, the respondent was ordered to file a certificate of review pursuant to section 13–20–602, 6A C.R.S. (1987).[1] The respondent endorsed a

1. At the relevant time, section 13–20–602, 6A C.R.S. (1987), provided in part:

(1) In every action for damages or indemnity based upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such licensed professional

unless the court determines that a longer period is necessary for good cause shown.

. . . .

(3)(a) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

(I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

psychiatrist as an expert who the respondent represented was to testify that "prescribing steroids under these conditions was not in keeping with the standard of care." The psychiatrist's deposition was taken on January 11, 1991. The psychiatrist's testimony did not support the respondent's client's claim. He also testified that he was not asked to give an expert opinion or to review the hospital records. The respondent was surprised at this because he thought the psychiatrist would support the client's claim.

The defendants' motion for summary judgment based on the absence of expert evidence was granted on May 1, 1991. According to the respondent, he was not able to procure an expert physician to support his client's claim after an exhaustive search.

The respondent also represented the same client in a paternity matter. The client had her baby on January 2, 1990, and she asked the respondent to bring a paternity and child support action against the father. The respondent filed a petition on March 31, 1990. On July 25, 1990, the court ordered the father to pay $550 per month in child support and to provide health insurance for the child. The respondent's client was awarded sole custody subject to the father having supervised visitation rights. The respondent was ordered to submit an appropriate written order, but he failed to do so. Almost eight months later, the father's lawyer reminded the respondent to submit the written order. When he did not hear anything from the respondent, the father's lawyer filed a motion to modify support and for additional visitation. The respondent did not file a response. The matter was heard on September 20, 1991. After the parties testified, the court reduced the father's child support obligation from $550 to $315 per month, based on the father's changed financial circumstances. The court also modified its previous ruling regarding visitation by making it contingent on the father having a mental health evaluation. The mother had alleged that the father was a pedophile. The respondent's motions for reconsideration or new trial, for appoint-

ment of a guardian ad litem, and for additional orders were denied.

In January 1992, the client wrote to the respondent asking that he file motions pertaining to the need for a guardian ad litem, daycare, life insurance, and her own disability. She paid him an additional $250 on April 27, 1992. The respondent nevertheless did nothing. Throughout the rest of 1993 until October 31, 1994, his client urged the respondent to take action, but he did not. Finally, on October 31, 1994, the client wrote to the respondent and fired him; asked for her file; and requested a refund of attorney fees. The respondent did not comply until September 5, 1996, when he delivered her file to the Office of Disciplinary Counsel. He did not refund her legal fees until September 1997.

The respondent has admitted that the foregoing conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, violated DR 6–101(A)(2) (handling a legal matter without adequate preparation); DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter); and Colo. RPC 1.16(d) (failing to take appropriate steps to protect a client's interests following termination of representation).

## II

The inquiry panel approved the conditional admission with the recommendation that the respondent be suspended for six months, be required to petition for reinstatement, and, as a condition of reinstatement, be required to satisfy certain other conditions. The inquiry panel recommended a suspension of six months rather than the year and a day authorized by the conditional admission.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

(II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts relevant to the allegation of negligent conduct

and, based on such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).

The complainant has stipulated that the following mitigating circumstances are present in this case. The respondent was experiencing personal and emotional problems, *see id.* at 9.32(c); he has made full and free disclosure during these disciplinary proceedings, *see id.* at 9.32(e); and the respondent is remorseful for his conduct in this case, *see id.* at 9.32(*l* ). We also note from the respondent's statement in mitigation that he was suffering from various physical disabilities, especially during the latter part of his misconduct. *See id.* at 9.32(h).

In aggravation, the respondent received letters of admonition in 1979 and 1985; private censures in 1992 and 1996; and he was suspended for 180 days in 1995 for commingling personal and client funds and writing forty-five insufficient funds checks, *see People v. Davis,* 893 P.2d 775, 776 (Colo.1995). *See* ABA *Standards* 9.22(a) (prior discipline is an aggravating circumstances for discipline purposes). Since some of the previous discipline was for misconduct occurring at the same time as that in this case, it is considered part of a pattern of misconduct. *See id.* at 9.22(c).

In this case itself there is a pattern of misconduct extending over a period of years, *see id.;* there are multiple offenses, *see id.* at 9.22(d); the client and her child were vulnerable, *see id.* at 9.22(h); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i).

We have found suspension for one year and one day to be appropriate in similar cases. *See, e.g., People v. Paulson,* 930 P.2d 582, 584–85 (Colo.1997) (lawyer suspended for one year and one day for neglecting multiple client matters and failing to communicate with clients; lawyer had previously received a letter of admonition); *People v. Price,* 929 P.2d 1316, 1320 (Colo.1996) (neglecting of multiple client matters, including financial matters and trust account violations); *People v. Fager,* 925 P.2d 280, 283 (Colo.1996) (neglecting multiple client matters and failing to account for client funds). However, in this case, several factors have persuaded us that a six-month suspension with reinstatement proceedings is adequate.

First, the respondent has not been reinstated from his 1995 suspension. Thus, if he is suspended for an additional six months in this case, he will have been suspended for over three years before he is even eligible to seek reinstatement. Second, the respondent, who was admitted to practice before this court almost 40 years ago, has stated he has retired from the practice of law and does not intend to resume practicing law. Given the requirement of reinstatement proceedings and the added condition that the respondent establish that he is physically capable of returning to the practice of law, we have concluded that we will accept the conditional admission and the inquiry panel's recommendation. At least one member of the court, however, would have suspended the respondent for one year and one day.

### III

Accordingly, it is hereby ordered that Morton Lee Davis be suspended from the practice of law for six months, effective immediately upon the issuance of this opinion. The respondent is required to undergo reinstatement proceedings under C.R.C.P. 241.22(b)–(d) before he may be reinstated. He must also demonstrate as a condition of reinstatement that he is physically able to return to the practice of law. He is also ordered to pay the costs of this proceeding in the amount of $45.00 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.