The PEOPLE of the State of Colorado, Complainant,

v.

William F. GARROW, Respondent.

No. 00PDJ006.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 30, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, JERRY D. OTERO a member of the bar, and LARRY A. DAVELINE, a member of the public.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED* : **ATTORNEY SUSPENDED FOR SEVEN (7) MONTHS**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on August 16, 2000 before the Presiding Disciplinary Judge ("PDJ") and two hearing board members Jerry D. Otero, a member of the bar, and Larry A. Daveline, a member of the public. Charles E. Mortimer, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). William F. Garrow ("Garrow"), the respondent, did not appear in person or by counsel.

The Complaint in this action was filed January 25, 2000. Garrow did not file an Answer to the Complaint. On March 13, 2000 the People moved for default, and on April 19, 2000 the PDJ issued and Order granting default. As a result of the Order granting default, all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b). The Order also granted default upon the alleged violations of Colo. RPC 8.1(b) and C.R.C.P. 251.5(d) and denied default as to the alleged violations of Colo. RPC 1.16(d) and Colo. RPC 4.2. The People moved to amend the Complaint to allege an additional charge of Colo. RPC 1.15(b), and thereafter withdrew the charge of Colo. RPC 4.2. On July 5, 2000, the People moved for default as to the alleged violation of Colo. RPC 1.15(b). On August 1, 2000 the PDJ denied the People's Motion for Default as to Colo. RPC 1.15(b).

At the sanctions hearing, the People presented evidence from Jefferson C. Sewell and Joseph H. Thibodeau. The People's exhibits 1 through 8 were offered and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, assessed the testimony and credibility of the witnesses and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Garrow has taken and subscribed the oath of admission, was admitted to the bar of this court on October 21, 1976, and is registered upon the official records of this court, registration No. 07650. Garrow is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

The entry of default established that Garrow was retained by the Ad Hoc Committee of Retired Firemen and Policemen ("the Committee") from 1993 to 1996. The Committee was the coordinator for hundreds of disabled police and firemen who had a dispute with the Internal Revenue Service. The disabled police and firemen were attempting to obtain a refund of taxes paid on their disability payments for the years 1992 through 1997. Garrow was terminated from

his position of counsel to the Committee in 1996, and Joseph H. Thibodeau was retained to replace Garrow. Thibodeau telephoned Garrow and requested the files of approximately 300 recipients of disability payments. Garrow initially advised Thibodeau that he had the files and they were in storage, but, in order to provide them, Garrow would have to receive $250 per hour for retrieval of the files from storage plus the cost of a forklift operator. Garrow provided the same information concerning the files to Jack King ("King"), a member of the Committee and a party in related federal litigation. Thibodeau wrote respondent Garrow a confirming letter dated July 22, 1998, and had it personally served on him. Upon receipt of Thibodeau's letter, Garrow contacted King and claimed he did not have the files, contrary to what he had previously told King and Thibodeau.

Evidence introduced during the sanctions hearing supplemented those facts derived from the entry of default. The Committee acted as a facilitator between the disabled police and firemen, the Internal Revenue Service, the United States District Court and the attorney representing the Committee (Garrow and later Thibodeau). In his capacity as counsel to the Committee, Garrow gathered information on the disability of each claimant, obtained relevant medical records, prepared affidavits, completed tax forms and acquired additional documentation.[1]

The files originally generated by Garrow in connection with his representation of the Committee were in Garrow's possession and control on and after February 24, 1995. Notwithstanding the Committee's oral and written request for surrender of the files, through Thibodeau, Garrow did not deliver the files or otherwise provide access to them. Garrow's failure to surrender or deliver the files was knowing conduct. At the time the Committee requested the files from Garrow, Garrow had been fully compensated for his representation of the Committee. At the time Garrow was terminated, the tax status

of the disabled police and firemen's disability benefits remained in dispute. In order to proceed with the resolution of that dispute, Thibodeau was forced to recreate the withheld files and the information contained within them at substantial expense.

On August 11, 1998, the Office of Disciplinary Counsel[2] requested that Garrow respond to a Request for Investigation arising from these facts. Garrow did not respond. On September 16, 1998, a second letter was sent certified mail to Garrow again asking that he respond and Garrow again failed to respond to the request from the Office of Disciplinary Counsel.

## II. CONCLUSIONS OF LAW

Claim one of the Amended Complaint charges Garrow with violations of Colo. RPC 1.15(b) and Colo. RPC 1.16(d).

Colo. RPC 1.15(b) provides:

Upon receiving funds or other property which a client or third person has an interest, a lawyer shall, promptly or otherwise as permitted by law or by agreement with the client, deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, render a full accounting regarding such property.

Colo. RPC 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

The receipt of property by a lawyer in which a client or third party has an interest triggers the operation of Colo. RPC 1.15(b), whereas the termination of representation

---

1. The evidence introduced at the sanctions hearing revealed that although Garrow had been hired to represent the Committee, Thibodeau, who replaced him, was hired to represent both the Committee and the individual claimants.

2. Prior to January 1, 1999, the Office of Attorney Regulation Counsel was denominated the Office of Disciplinary Counsel pursuant to C.R.C.P. 241.4, which was repealed and replaced by C.R.C.P. 251.3 effective January 1, 1999.

triggers the application of Colo. RPC 1.16(d). Both rules, once triggered, require the attorney to return property of his client or another in a timely fashion in accordance with law.

◼ Garrow's lack of cooperation with the Office of Attorney Regulation Counsel and his failure to participate in these proceedings prevented the People from presenting evidence of the exact documentation contained within the files in question. However, it was established that the files contained documents and information in which the individual claimants had an interest. This documentation was necessary to advance their interests in connection with the taxation dispute. Moreover, because the Committee, Garrow's client, was acting as the facilitator or coordinator between the individual claimants and others in an attempt to resolve the dispute, the Committee also had an interest in the contents of the files. Because Garrow had been fully compensated for his work on behalf of the Committee at the time of his termination, his client was entitled to receive the files generated during their representation.[3]

The Colorado Supreme Court has consistently recognized the client's right to the prompt delivery of papers and property to which the client is entitled upon termination of the representation, and the Court has consistently disciplined lawyers for failure to do so. *See People v. Rishel,* 956 P.2d 542, 543 (Colo.1998); *People v. Holmes,* 951 P.2d 477, 479 (Colo.1998); *People v. Davis,* 950 P.2d 596, 597 (Colo.1998); *People v. Kuntz,* 942 P.2d 1206, 1207–1208 (Colo.1997). In each of these cases, the lawyer was disciplined for refusing or failing to deliver, after a client's request, papers to which the client was entitled. The emphasis has been on recognizing the lawyer's duty to protect the client's interests rather than in defining in detail what constitutes the "papers and property to which the client is entitled" under Rule 1.16(d). *See* CBA Formal Op. 104 (1999).

◼ The entitlement to the content of a client's file is based upon the need to protect the client's interests. The tax forms prepared by Garrow, the affidavits he prepared, and the medical records he assembled for each claimant, of necessity, would be of benefit in protecting the position of the individual claimants and, because of the facilitator role of the Committee, the interests of his client. Garrow's failure to deliver any portion of those files to his client upon termination constitutes a violation of Colo. RPC 1.16(d). Having concluded that the Committee, as coordinator or facilitator for the individual claimants, made a specific request for the return of the files, and that the Committee was entitled to a return of the files, and there being no evidence that Garrow was otherwise entitled to retain the files, Garrow's conduct also violated Colo. RPC 1.15(b).

The Order of default established Garrow's violation of Colo. RPC 8.1(b) (failure to cooperate with the Office of Attorney Regulation Counsel) and C.R.C.P. 251.5(d) (failure to respond without a showing of good cause to a request by regulation counsel). Colo. RPC 8.1(b) provides in relevant part:

[A] lawyer ... in connection with a disciplinary ... matter, shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond reasonably to a lawful demand for information from [a] disciplinary authority ...

C.R.C.P. 251.5 provides that grounds for discipline arise as the consequence of an attorney's:

(d) Failure to respond without good cause shown to a request by the Regulation Counsel ... in the performance of their duties. Good cause includes, but is not limited to, an assertion that a response would violate the respondent's constitutional privilege against self-incrimination.

◼ The issuance of a law license to an individual in Colorado requires that the licensed attorney conduct him or herself in accordance with Chapter 20 of the Colorado

---

**3.** A lawyer is allowed to retain papers belonging to a client or others as allowed by law or agreement. Although a lawyer may retain papers to which a client is entitled under certain circumstances in which his services have not been properly compensated, in this case Garrow was fully compensated. *See* § 12–5–120, 4 C.R.S. and CBA Formal Op. 82 (1999).

Rules of Civil Procedure which govern the regulation of attorneys. Compliance with those provisions is essential to the effective and efficient enforcement of the regulatory mechanism applicable to the practice of law. Acceptance of the license to practice law is an acknowledgment by the holder of that license that they will comply with the provisions of Chapter 20. An integral part of the attorney regulation system is the requirement that one who holds a license to practice law must timely respond to inquiries advanced by the Office of Attorney Regulation Counsel. Colo. RPC 8.1(b) codifies that requirement as part of The Rules of Professional Conduct.[4] An attorney who ignores or fails to respond to a request for information from the Office of Attorney Regulation Counsel impedes the ability of that office to marshal the information necessary to evaluate and act upon a Request for Investigation, invariably delays the ultimate resolution of the Request for Investigation, prevents an expeditious conclusion of the disciplinary inquiry and interferes with the obligations imposed upon the Supreme Court to regulate attorneys and the practice of law.

### III. SANCTION/IMPOSITION OF DISCIPLINE

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. ABA *Standard* § 3.0 provides that in determining the appropriate sanction for an attorney who has violated a rule of professional conduct, the court should consider "the duty violated by the lawyer, the lawyer's mental state, the actual or potential injury caused by the lawyer's conduct, and the existence of aggravating or mitigating factors." ABA *Standard* § 4.12 provides that "[s]uspension is generally appropriate when a law-

yer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." ABA *Standard* § 7.2 provides "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system." Garrow's misconduct was knowing and his misconduct necessitated the reconstruction of files at substantial expense, thereby causing injury and creating the unnecessary risk that individual claimants might be harmed.

The PDJ and Hearing Board considered factors in aggravation pursuant to ABA *Standards* 9.22. Garrow failed to comply with the rules or orders of the disciplinary agency, *see id.* at 9.32(e), and he had substantial experience in the practice of law, *see id.* at 9.22(i). Because Garrow failed to appear at the sanctions hearing, no factors in mitigation were presented. The PDJ and Hearing Board were informed that Garrow had no prior discipline.[5]

Colorado law is consistent with the recommendations set forth in the ABA *Standards. See Davis,* 950 P.2d at 597(attorney suspended pursuant to conditional admission for six months for, among other rule violations, failing to take adequate steps to protect client's interests following termination of representation in violation of Colo. RPC 1.16(d)); *People v. McKee,* 942 P.2d 494, (Colo.1997)(attorney suspended for nine months in reciprocal discipline action and subject to conditional admission of misconduct for neglect, failure to communicate, and failure to surrender documents and client property upon termination of representation); *People v. Reynolds,* 933 P.2d 1295, 1305 (Colo.1997)(attorney suspended for thirty days for failing to inform client about status of case, neglecting dissolution of marriage case, failing to

---

4. Colo. RPC 8.1(b) requires a knowing state of mind for violations arising from a failure to reasonably respond to a request for information. That element of the violation is met in this case. At least one of the letters requesting information was sent by certified mail to Garrow's registered address and the return receipt was returned signed. Moreover, Garrow, on at least one occasion, spoke with an attorney in the Office of

Attorney Regulation Counsel concerning the matters under investigation but thereafter did not respond to ant request for information.

5. Garrow was administratively suspended from the practice of law by Order of the Supreme Court on June 3, 1997 and remains administratively suspended.

promptly return former client's file upon request).

Consequently, the PDJ and Hearing Board conclude that Garrow should be suspended from the practice of law for a period of six months for the violations of Colo. RPC 1.15(b) and Colo. RPC 1.16(d). In addition, Garrow should be suspended from the practice of law for an additional thirty days for his failure to respond to the Request for Investigation in violation of Colo. RPC 8.1(b) and C.R.C.P. 251.5(d).

### IV. ORDER

It is therefore ORDERED:

1. WILLIAM F. GARROW, attorney registration number 07650, is suspended from the practice of law for a period of seven months following the termination of his administrative suspension.

2. Garrow is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a Response thereto.