**No. 80SA290**

**The People of the State of Colorado v. Roger D. Witt**

(616 P.2d 139)

Decided September 8, 1980.

Linda Donnelly, disciplinary prosecutor, for complainant.

Roger D. Witt, Pro Se.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The proceedings here are the result of four complaints filed with the Supreme Court Grievance Committee against respondent, Roger D. Witt, who was admitted to the practice of law in Colorado on April 7, 1966. Based upon the findings, conclusions and recommendations of the Grievance Committee, we suspend the Respondent from the practice of law for one year.

The first count in the Grievance Committee's findings concerns the Respondent's agreement to probate an estate. The estate contained sufficient cash to pay the outstanding bills. The Respondent did not open the estate, nor did he return telephone calls or letters from the Personal Representative who was threatened with suit for the deceased's funeral expenses because the bills had not been paid. After ten months of attempting to reach the Respondent, the Personal Representative hired another attorney who paid the bills, the inheritance tax, and closed the estate. The Personal Representative incurred penalties and interest in the amount of $347.43 because of the Respondent's neglect.

The subject of the second count was the Respondent's failure to proceed with a specific performance action filed in April, 1977. The Respondent filed the action on behalf of a buyer of real property against the seller who failed to transfer the property. After the action was filed, the client tried for two years to contact the Respondent. He never obtained a response. The client hired substitute counsel who obtained a judgment for the buyer. The seller, who apparently assumed the law suit had been dropped because nothing had happened for two years, was angered when new counsel revived it. The buyer was the victim of numerous instances of vandalism which he attributes to the seller. There is no direct evidence linking the Respondent to the vandalism, but the Respondent's former client suffered emotional distress.

As described in the third count, the Respondent was hired in December, 1974, to handle a small estate. The Respondent opened the estate, sold the assets, and notified his client that the estate was ready to close upon payment of his attorney's fees. The client paid the fees, but the Respondent never closed the estate. The probate court issued several citations to show cause why the estate had not been closed, and finally issued a contempt citation. When the client received the contempt citation, he hired substitute counsel who attempted contact the Respondent but received no response. Substitute counsel never received the estate documents, and had to re-do some of the Respondent's work. The estate was finally closed in September, 1979. The Respondent's client incurred additional attorney's fees of $500 which were for work he had paid the Respondent to complete. Again, the client made numerous attempts to call the Respondent, but none of the calls were returned.

A fourth count involved failure of the Respondent, in a dissolution of marriage case, to return the calls of his client and to prepare properly for

a permanent orders hearing. The Grievance committee, noting conflicting testimony and the lack of any substantial injury to the client, concluded that the charges in Count IV were not sustained by clear and convincing evidence.

In addition, the Respondent failed to cooperate with an investigator for the Grievance committee and failed to respond to the grievance complaints until one day before the hearing. The Respondent gave no explanation for his neglect of legal matters, nor for his failure to respond to client inquiries.

■ The complaints alleged that the Respondent's conduct violated C.R.C.P. 241(B), DR 1-102(A) (violation of a Disciplinary Rule; conduct involving dishonesty, fraud, deceit or misrepresentation; conduct that is prejudicial to the administration of justice; or any other conduct that adversely reflects on an attorney's fitness to practice law), and DR 6-101(A)(3) (neglect of a legal matter). Based on the conclusion that the Respondent's conduct evidences a pattern of neglect and delay of legal matters and a total disregard for the necessity of maintaining communication with his clients, the Grievance Committee recommended that the Respondent be suspended from the practice of law for one year. The Committee also recommended that the Respondent pay the costs of the grievance proceedings, reimburse the client described in Count I $347.43 for interest and penalties resulting from the Respondent's delays, and reimburse the client described in Count III $500 for additional attorney's fees. We accept the Committee's recommendations.

■ A license to practice law assures the public that the lawyer who holds the license will perform basic legal tasks honestly and without undue delay, in accordance with the highest standards of professional conduct. In addition, the public has a right to expect that one who engages in professional misconduct will be disciplined appropriately.

Accordingly, it is ordered that Respondent Roger D. Witt be suspended from the practice of law for one year. In addition, the Respondent shall reimburse the client described in Count I the sum of $347.43; the client described in Count III the sum of $500; and pay the costs of $234.06 incurred in the disciplinary proceedings to the Clerk of this Court within sixty days. Receipts for the reimbursement to both clients shall be filed with the Clerk of this Court within sixty days.