The PEOPLE of the State of Colorado, Complainant,

v.

David M. DOERING, Respondent.

No. 01PDJ012.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 19, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, PAT CORTEZ, a member of the public, and E. STEVEN EZELL, a member of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* **ONE YEAR AND ONE DAY SUSPENSION**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on August 28, 2001, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Pat Cortez, a member of the public, and E. Steven Ezell, a member of the bar. Charles E. Mortimer, Jr., Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). David M. Doering ("Doering"), the respondent, did not appear either in person or by counsel.

The Complaint in this action was filed February 2, 2001. Doering did not file an Answer to the Complaint. On April 9, 2001 the People filed a Motion for Default. Doering did not respond. On May 15, 2001 the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b), and all violations of The Rules of Professional Conduct ("Colo. RPC") alleged in the Complaint were deemed established.

At the sanctions hearing, the People presented testimony from Benjamin Anderson and Alicia Miles. Exhibit 1 was offered by the People and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibit admitted, assessed the testimony of the witness and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

David M. Doering has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on October 17, 1977 and is registered upon the official records of this court, registration number 08258. Doering is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

In the Anderson matter, Doering met with Benjamin Anderson on March 2, 2000, and agreed to represent him with regard to a substantial construction contract Anderson had been awarded. The construction project represented a unique opportunity for Anderson's company to grow. Doering understood that Anderson required immediate legal help concerning his contractual agreements with the general contractor and subcontractors on the project. Anderson paid Doering $300 at the initial meeting. Doering wrote a note on the back of his business card that the $300 was a "loan to be applied on initial deposit for legal representation" and handed it to Anderson. Doering told Anderson he would charge him $50 per hour until the $300 was used, then his hourly rate would increase to $100 per hour.

Anderson met with Doering one week after the initial meeting. Doering had not completed any work but promised to do so in a few days. Thereafter, Doering did not return Anderson's messages despite Anderson's repeated attempts to contact him. Anderson delayed a meeting with the other parties on the project because Doering had not prepared Anderson's documents. Eventually, Anderson entered into contractual agreements for the construction project without legal representation. Anderson terminated Doering's services in April 2000. Doering performed no legal services for Anderson, and failed to return any of the $300. Thereafter, Anderson encountered many problems on the construction project.

In the Miles matter, in July 1999, Alicia Miles retained Doering to represent her in a divorce action and paid him a $600 retainer. Doering filed the divorce action and effected service on Miles' ex-husband. Thereafter, Miles made several attempts to contact Doering over a three month period, and Doering did not respond to her messages. Doering failed to provide Miles with copies of any documents he received concerning her case within a reasonable time, to update her on the status of her case, or to inform her that her ex-husband had obtained counsel. Doering did not advise Miles that a permanent orders hearing date had been set.

On September 16, 1999, Miles retained new counsel. Despite repeated attempts on the part of replacement counsel to contact Doering and have him withdraw from the case, Doering failed to do so over a four month period. Doering failed to promptly return Miles' unused portion of the funds she had paid him and he did not promptly return her file.

In the Jones matter, on March 6, 2000, Mary Jones ("Jones") retained Doering to represent her in a legal matter, paid him a retainer of $1,000, and provided him with papers relevant to her legal matter. The following month, Jones requested that Doering provide her with an accounting. He did not do so. In May, Jones retained new

counsel. Despite replacement counsel's repeated attempts to communicate with Doering, Doering did not respond. Thereafter, Doering withdrew from representing Jones, but failed to return any portion of the funds Jones paid to him and did not provide replacement counsel with Jones' file.

## II. CONCLUSIONS OF LAW

The Order entering default granted default as to the violations of The Rules of Professional Conduct set forth in the Complaint, established the following rule violations. In the Anderson matter (claims one, two and three) Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter), Colo. RPC 1.3(a lawyer shall act with reasonable diligence and promptness in representing a client) and Colo. RPC 1.16(d)(upon termination, a lawyer shall take steps to protect a client's interests); in the Miles matter (claims four, five, six) Colo. RPC 1.8(a)(a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client),[1] Colo. RPC 1.4(a)(failure to communicate), Colo. RPC 1.16(a)(3) (a lawyer shall not represent a client or shall withdraw from representation if the lawyer is discharged) and Colo. RPC 1.16(d), and in the Jones matter (claims seven and eight) Colo. RPC 1.15(b)(upon receiving or other property in which a client or third person has an interest, a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and render a full accounting when requested) and Colo. RPC 1.16(d).

In the Anderson matter, Doering's failure to return Anderson's messages when he had promised to perform work for Anderson constitutes a violation of Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information). Doering's failure to timely prepare contracts for Anderson and to represent his interests in Anderson's ne-

1. The alleged violation of Colo. RPC 1.8(a) in claim four was dismissed upon the People's mo-

tion in the course of the sanctions hearing.

gotiations with other parties constitutes neglect in violation of Colo. RPC 1.3(a lawyer shall act with reasonable diligence and promptness in representing a client). Doering failed to return any of the funds that Anderson had paid following termination in violation of Colo. RPC 1.16(d)(upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests).

In the Miles matter, Doering's continuing failure to communicate with Miles constituted a violation of Colo. RPC 1.4(a). Doering's failure to withdraw from the Miles matter despite replacement counsel's request that he do so over a four month period constitutes a violation of Colo. RPC 1.16(a)(3)(a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer is discharged). By failing to promptly return her file and the unused portion of the money she had paid him, Doering violated Colo. RPC 1.16(d)(upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client).

In the Jones matter, Doering failed to provide Jones with an accounting in violation of Colo. RPC 1.15(b)(a lawyer shall render a full accounting regarding the client's property) and failed to protect the client's interests upon termination in violation of Colo. RPC 1.16(d)(upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client).

### III. ANALYSIS OF SANCTION

In two matters, Doering failed to communicate with his clients; in the Anderson matter, the failure to communicate was particularly egregious due to the fact that it transpired over a period of time in which the client expected immediate action.

Doering neglected a legal matter (Anderson) and failed to protect all three clients' legal matters upon termination. In the Miles matter Doering failed to timely withdraw from the case, and in the Jones matter, he failed to provide an accounting when requested to do so.[2]

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards*") are the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. ABA *Standard* § 4.12 provides that "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." Here, Doering violated Colo. RPC 1.16(d) in three separate matters by failing to return client funds and files after termination, and violated Colo. RPC 1.15(b) in the Jones matter by failing to provide Jones with an accounting. ABA *Standard* § 4.42 provides that "[s]uspension is generally appropriate when (a) a lawyer knowingly fails to perform services for a client and causes injury and potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." Of the three clients giving rise to this disciplinary matter, Anderson suffered serious injury as a result of Doering's misconduct: he went forward with negotiations and performed under a construction contract without the benefit of legal representation and, as a result, experienced significant difficulty on the project.

[9] Colorado case law holds that a period of suspension is warranted for neglecting a client's matter coupled with a failure to communicate and failure to take steps to protect the client's interests upon termination. *See In re McKee*, 980 P.2d 506, 507 (Colo.1999)(attorney suspended in reciprocal discipline proceeding for a period of two years followed by a two year period of probation for failing to communicate with five clients over a period of several months resulting in significant harm to the clients); *People v. Paulson*, 930 P.2d 582

---

**2.** The Complaint did not allege that Doering converted any client funds in connection with these matters.

(Colo.1997)(attorney suspended for one year and one day for misconduct arising in a default proceeding where, among other rule violations, attorney neglected three client matters, failed to communicate in two matters, and failed to deliver funds or other property to the client and render a full accounting); *People v. Barr*, 818 P.2d 761, 763 (Colo.1991)(attorney suspended from the practice of law for one year and one day for, among other rule violations, neglect of one client's matter and failure to promptly return property or funds to the client which the client was entitled to receive); *People v. Witt*, 200 Colo. 522, 616 P.2d 139, 140 (1980)(attorney suspended for one year for evidencing pattern of neglect and delay of legal matters and total disregard for necessity of maintaining communication with his clients).

 Determination of the appropriate sanction requires the PDJ and Hearing Board to consider aggravating and mitigating factors pursuant to ABA *Standards* 9.22 and 9.32 respectively. Since Doering did not participate in these proceedings, no mitigating factors were established. However, the People stated that no prior discipline had been imposed on Doering, *see* ABA *Standards* 9.32(a). In aggravation. Doering engaged in a pattern of misconduct, *see id* at 9.22(c), he engaged in multiple offenses, *see id,* at 9.22(d), and he had substantial experience in the practice of law, having been licensed in the state of Colorado in 1977. Moreover, at lease one client, Anderson, was vulnerable, *see id.* at 9.22(h).

## IV. ORDER

It is therefore ORDERED:

1.  David M. Doering, attorney registration number 08258 is suspended from the practice of law for a period of one year and one day effective thirty-one days from the date of this Order.

2.  Doering shall be required to undergo a reinstatement proceeding prior to being reinstated to the practice of law.

3.  Doering must establish that he has refunded and paid restitution to Benjamin Anderson within 12 (twelve) months of the date of this Order in the sum of $300 (three hundred dollars) plus interest at the statutory rate from March 2, 2000.

4.  Doering is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.