## The PEOPLE of the State of Colorado, Complainant,

v.

## Roger A. McKEE, Attorney–Respondent.

### No. 97SA180.

Supreme Court of Colorado, En Banc.

July 28, 1997.

---

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, L. Michael Henry, Chief Investigative Counsel, Denver, for Complainant.

Roger A. McKee, Phoenix, Pro Se.

PER CURIAM.

In this lawyer discipline case, the complainant and the respondent executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission including the recommendation that the respondent be suspended from the practice of law for nine months and be required to petition for reinstatement. We accept the conditional admission and the panel's recommendation.

I

The respondent was licensed to practice law in this state in 1970. The respondent is also licensed to practice law in Arizona. This matter arises from a reciprocal disciplinary proceeding pursuant to C.R.C.P. 241.17.

The conditional admission provides that on October 23, 1996, the Supreme Court of Arizona suspended the respondent from the practice of law for nine months. *See In re McKee,* No. SB–96–0051–D (Ariz. Oct. 23, 1996) (judgment and order). The misconduct that the respondent was suspended for in Arizona involved the respondent's neglect, failure to communicate, and failure to surrender documents and client property upon termination of representation in five separate client matters. The respondent has stipulated that his conduct violated Colo. RPC 1.2 (failing to abide by a client's decisions concerning the objectives of representation); Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.16(d) (failing to take steps upon termination of representation to protect a client's interests such as surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

II

The inquiry panel approved the conditional admission of misconduct including the recommendation of discipline. The parties submit that a nine-month suspension in this state is appropriate, with the additional condition that the respondent will be required to petition for reinstatement pursuant to C.R.C.P. 241.22(b)–(d). In a reciprocal disciplinary proceeding, this court usually imposes the same discipline that was imposed in the other jurisdiction unless one of four exceptions exist. *See People v. Meyer,* 908 P.2d 123, 124 (Colo.1995). C.R.C.P. 241.17(d) provides in pertinent part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The respondent and the complainant have stipulated that none of these four exceptions exist in this case, and we agree. Accordingly, we accept the conditional admission of misconduct and the inquiry panel's recommendation.

### III

It is hereby ordered that Roger A. McKee be suspended from the practice of law for nine months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must petition for reinstatement pursuant to C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent pay the costs of this proceeding in the amount of $45.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.