**In the Matter of Roger A. McKEE**

**No. 98SA455.**

Supreme Court of Colorado,
En Banc.

Jan. 25, 1999.

Linda Donnelly, Attorney Regulation Counsel, Debra D. Jones, Assistant Attorney Regulation Counsel, Denver, Colorado.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

This is a reciprocal discipline proceeding brought pursuant to C.R.C.P. 241.17. The respondent, Roger A. McKee, was suspended by the Supreme Court of Arizona for two years, with an additional two years probation to be served upon reinstatement. A hearing panel of our grievance committee accepted the recommendation of a hearing board that McKee be suspended for the same period of time in this state, be required to satisfy certain conditions for reinstatement, and upon being reinstated, be placed on two years probation. We accept the recommendation.

I.

Roger A. McKee was admitted to practice law in Colorado in 1970. He defaulted before the hearing board and has not appeared before this court. The board entered an order of default against him and the allegations of the complaint in this case were deemed admitted. See C.R.C.P. 241.13(b); *People v. Paulson,* 930 P.2d 582, 582 (Colo. 1997).

Based on the default and the evidence presented, the hearing board found that on December 26, 1997, the Arizona Supreme Court accepted the findings and recommendation of its Disciplinary Commission and ordered that McKee be suspended for two years, that he be required to satisfy certain conditions, and that following reinstatement he would be placed on probation for two years. The period of suspension was made retroactive to November 22, 1996, the effective date of a previous Arizona suspension. *See In re McKee,* No. SB–97–0082–D (Ariz. Dec.26, 1997) (judgment and order).

That previous suspension was the subject of *People v. McKee,* 942 P.2d 494 (Colo.1997), which, like this one, was a reciprocal discipline case. On July 28, 1997, we suspended McKee for nine months following his suspension for the same period of time by the Arizona Supreme Court. *See id.* at 496. McKee's Colorado suspension was effective thirty days after July 28, or August 27, 1997. *See id.* McKee has not been reinstated in Colorado from this 1997 suspension.

In the Arizona disciplinary proceeding which is the basis for this reciprocal proceeding, the Disciplinary Commission found that McKee failed to respond to telephone calls and letters from five clients over a period of several months. His neglect resulted in one client filing suit against him; the dismissal of two of his clients' cases for failure to prosecute; and summary judgment being entered against one client because McKee failed to timely respond to the motion for summary judgment. As the hearing board concluded, McKee's conduct constituted grounds for discipline under C.R.C.P. 241.6 and 241.17.

## II.

The hearing panel approved the findings and recommendation of the hearing board. In a reciprocal discipline proceeding, we generally impose the same discipline that was imposed in the other jurisdiction unless one of four exceptions exist. *See McKee*, 942 P.2d at 495. C.R.C.P. 241.17(d) provides in part:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

The hearing board found that none of these exceptions exist in this case, and we agree. Accordingly, we accept the hearing board's and panel's recommendations, with one exception. In order to make the Colorado discipline as similar as possible to that imposed in Arizona, we order that the effective date of this two-year suspension will be the effective date of McKee's prior Colorado suspension, August 27, 1997.

## III.

It is hereby ordered that Roger A. McKee is suspended from the practice of law for two years, effective August 27, 1997. It is further ordered that McKee's reinstatement to the practice of law in Colorado be conditioned upon his full and complete compliance with the terms and conditions set forth in the judgment and order of the Supreme Court of Arizona in *In re McKee*, No. SB–97–0082–D, dated December 26, 1997, which is hereby incorporated as if set out in full.

In addition, upon his reinstatement, McKee shall be placed on probation for a period of two years, on terms substantially similar to those set forth in *In re McKee*, No. SB–97–0082–D (Ariz. Dec. 26, 1997).

Finally, McKee shall pay the costs incurred in this proceeding in the amount of $124.57 within thirty days after this opinion is announced to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. McKee shall not be reinstated until after he has complied with C.R.C.P. 251.29.