**The PEOPLE of the State of Colorado, Complainant,**

v.

**Evan S. POWELL, Respondent.**

**No. 01PDJ049.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 10, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, SISTO J. MAZZA and BETH L. KRULEWITCH, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* ONE YEAR AND ONE DAY SUSPENSION

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on October 11, 2001, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Sisto J. Mazza and Beth L. Krulewitch, both members of the bar. Charles E. Mortimer, Jr., Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). Evan Shawn Powell ("Pow-

ell"), the respondent, did not appear either in person or by counsel.

The Complaint in this action was filed April 27, 2001. Powell did not file an Answer to the Complaint. On June 26, 2001, the People filed a Motion for Default. Powell did not respond. On July 19, 2001 the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b), and all violations of The Rules of Professional Conduct ("Colo.RPC") alleged in the Complaint were deemed established.

At the sanctions hearing, exhibit 1 was offered by the People and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibit admitted, and made the following findings of fact which were established by clear and convincing evidence, and reached the following conclusions of law.

### I. FINDINGS OF FACT

All factual allegations set forth in the Complaint were deemed admitted by the entry of default. The facts set forth therein are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit 1. The Order entering default also granted default as to the violations of The Rules of Professional Conduct.

### II. CONCLUSIONS OF LAW

The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 15, 1992, and is registered upon the official records of this court, registration No. 22148. He is subject to the jurisdiction of this court in these disciplinary proceedings.

### Claims I and II

■ On January 12, 2000, Jovoni Mercado ("Mercado") hired Powell to represent her in a dissolution of marriage action, and paid him a retainer of $300. Powell did not file the petition for dissolution of marriage on Mercado's behalf until March 26, 2000, and thereafter took no other action on her case.

Consequently, Powell violated Colo. RPC 1.3(a lawyer shall act with reasonable diligence and promptness in representing a client) by neglecting Mercado's legal matter. Powell also violated Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) by failing to communicate with Mercado, by failing to keep Mercado reasonably informed about the status of her legal matter and failing to comply with Mercado's reasonable requests for information, despite Mercado's repeated attempts to communicate with Powell.

### Claims III and IV

■ In February 1999, Norma Eastridge ("Eastridge") hired Powell to assist her in acquiring title to three separate retirement assets that had been awarded to her in a dissolution of marriage action and to represent her interests in connection with marital property in a bankruptcy proceeding filed by her former spouse. When Eastridge contacted Powell on November 12, 1999, Powell had done nothing on Eastridge's legal matters. After her meeting with Powell in November 1999, Eastridge called Powell four to five times a month and received only voice mail. On November 1, 2000, Eastridge hired a new attorney to represent her. Powell violated Colo. RPC 1.3(a lawyer shall act with reasonable diligence and promptness in representing a client) by failing to file an adversary proceeding with regard to the bankruptcy matter filed by Eastridge's former spouse, and by failing to prepare documentation to divide two retirement plans between Eastridge and her former spouse. Powell violated Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) by failing to keep Eastridge reasonably informed about the status of her legal matters and failing to promptly comply with Eastridge's reasonable requests for information.

### Claims V, VI, VII and VIII

In 1997, Jim Lottig ("Lottig") retained Powell on a contingency fee basis to sue

certain individuals who built Lottig's residence. Powell commenced the civil action and engaged in some investigation and discovery. In May 2000, Lottig settled with one of the defendants, and the civil action against the other defendants continued.[1] By September 2000, Lottig had not heard from Powell concerning the case, and he attempted to contact Powell to learn its status. Thereafter, Lottig called Powell and insisted that Powell dismiss the case against the remaining defendants. Powell did not agree. Approximately one week later, Lottig again called Powell and told him to dismiss the case. Once again Powell expressed his disagreement. Lottig never heard from Powell again. On October 20, 2000, Lottig learned that the case had been set for trial and had been vacated. Powell had not provided notice to Lottig of a pre-trial conference nor of the trial date. The case was subsequently dismissed for failure to prosecute. Lottig tried repeatedly to contact Powell concerning the matter, but Powell did not return Lottig's messages or otherwise contact Lottig. Lottig requested that Powell return his files and documents. Powell neither responded to the request or returned the documents. Powell violated Colo. RPC 1.3(neglect of a legal matter) by failing to keep Lottig apprised of the status of the case, failing to advise Lottig of the pre-trial conference and trial dates, and failing to notify Lottig of the dismissal of the case. Powell violated Colo. RPC 1.4(a)(failure to communicate) by failing to communicate with Lottig concerning the status of his legal matter and failing to promptly comply with Lottig's reasonable requests for information.

■ The facts established by the entry of default demonstrate that after Lottig instructed Powell to dismiss the case, Powell effectively deserted and/or rejected Lottig, the case he had filed on Lottig's behalf and his professional responsibilities to his client. Such misconduct is abandonment. Abandonment was defined in *People v. Carvell*, No. 99PDJ096 (Colo. PDJ September 11, 2000), 29 Colo. Law. 137 (November 2000), 2000 Colo. Discipl. LEXIS 26 as follows:

To find abandonment rather than merely neglect, there must be proof that the attorney—during a given time period—was required to accomplish specific professional tasks for the client, failed to accomplish those tasks, and failed to communicate with the client. The proof must objectively indicate that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client.

■ By his abandonment, Powell terminated his services, triggering the obligations set forth in Colo. RPC 1.16(d)(upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled). Powell violated Colo. RPC 1.16(d) by failing to return Lottig's file and documents in the civil action.

By failing to update his registered business and home addresses with the Office of Attorney Registration, Powell failed to comply with C.R.C.P. 227(A)(2)(b)(every attorney shall file a supplemental statement of change in the information previously submitted, including home and business addresses, within thirty days of such change). Every year lawyers are required to re-register and pay annual registration fees. At that time they are reminded of their obligation to maintain current addresses with the Office of Attorney Registration. *See* C.R.C.P. 227(A)(2)(a). Since Powell was originally registered in 1992, he had received at least five re-registration forms by the time of the events in this case. It is a reasonable inference from those facts that Powell was aware of the requirement contained in C.R.C.P. 227(A)(2)(b) and that his failure to maintain an accurate address with the Office of Attorney Registration was knowing misconduct and a violation of Colo. RPC 3.4(c)(a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).

■ The Complaint also alleged that Powell's failure to respond to the request for investigation violated Colo. RPC 8.1(b)(knowing failure to respond reasonably to a lawful demand for information from a disciplinary

---

1. Powell received one-quarter of the settlement amount under the contingency fee agreement.

authority) and C.R.C.P. 251.5(d)(failure to respond without good cause shown to a request by the Regulation Counsel). The facts set forth in the Complaint and in Exhibit 1, the Combined Report of Investigation,[2] reveal that all efforts of the Office of Attorney Regulation Counsel to locate and/or communicate with Powell after that office received the request for investigation were unsuccessful. The letter sent to Powell requesting a response to the request for investigation was returned marked "Moved, left no address." Efforts by the Sheriff to find and personally serve Powell were unsuccessful. Indeed, there is no evidence in the record that Powell was ever aware that he had been requested to supply information to the disciplinary authorities.[3] Absent facts showing such awareness, it cannot be concluded that Powell *knowingly* failed to respond to a request from the disciplinary authorities. Consequently there is insufficient evidence to conclude that Powell violated Colo. RPC 8.1(b). The default entered by the PDJ on that alleged violation is set aside and the charge is dismissed.

## III. ANALYSIS OF SANCTION

In three separate matters, Powell failed to act with reasonable diligence and promptness in representing Jovoni Mercado, Norma Eastridge, and Jim Lottig in violation of Colo. RPC 1.3. Powell failed to keep his clients reasonably informed about the status of their legal matters and failed to promptly comply with their reasonable requests for information in violation of Colo. RPC 1.4(a). In one matter (Lottig), the extent of Powell's neglect rose to the level of abandonment. Additionally, in the Lottig matter, Powell failed to return Lottig's file in violation of Colo. RPC 1.16(d).

Powell failed to adhere to the mandatory requirements of updating the information provided to the Office of Attorney Registra-tion as required by C.R.C.P. 227(A)(2)(b) and thereby violated Colo. RPC 3.4(c).

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") are the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. ABA *Standard* § 4.42(a) provides that "[s]uspension is generally appropriate when (a) a lawyer knowingly fails to perform services for a client and causes injury and potential injury to a client." ABA *Standard* § 4.42(b) provides that suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." The three matters giving rise to this disciplinary proceeding clearly indicate that Powell engaged in a pattern of neglect. With regard to the injury the clients suffered as a result of Powell's misconduct, Jovoni Mercado found it necessary to file a motion to have Powell removed from her case, Norma Eastridge hired replacement counsel nearly two years after she had hired Powell when he had done none of the work she had employed him to do, and Jim Lottig has yet to obtain his file. Moreover, Powell's misconduct caused injury to the legal profession as a whole.

Colorado case law holds that a period of suspension is the appropriate sanction for a pattern of neglect and isolated cases of abandonment. *See In re McKee*, 980 P.2d 506, 507 (Colo.1999)(attorney suspended in a reciprocal discipline default proceeding for a period of two years followed by a two year period of probation for failing to communicate with five clients over a period of several months resulting in significant harm to the clients); *People v. Paulson*, 930 P.2d 582 (Colo.1997)(attorney suspended in default proceeding for one year and one day for, among other rule violations, neglect of three client matters, failure to communicate in two matters, and failure to deliver funds or other

---

2. Although the Report of Investigation contains reference to information which would not normally be allowed under the Colorado Rules of Evidence, C.R.C.P. 251.15(b) requires the Hearing Board to review the report of investigation in disciplinary default matters.

3. *See People v. Garrow*, 35 P.3d 652 (Colo. PDJ 2001) at 656, n. 4, 2001 Colo. Discipl. LEXIS 75, *11 (holding that Colo. RPC 8.1(b) requires a knowing state of mind for violations arising from a failure to reasonably respond to a request for investigation, and finding that the People established the respondent's state of mind by a clear and convincing standard).

property to the client and render a full accounting); *People v. Barr*, 818 P.2d 761, 763 (Colo.1991)(attorney suspended from the practice of law for one year and one day for, among other rule violations, neglect of one client's matter and failure to promptly return property or funds to the client which the client was entitled to receive); *People v. Doering*, 35 P.3d 719 (Colo. PDJ 2001), 2001 Colo. Discipl. LEXIS 88 (attorney suspended for a period of one year and one day in default proceeding for failing to communicate with his clients in two matters, neglecting a legal matter, and failing to protect three separate clients' legal matters upon termination); *People v. Carvell*, No. 99PDJ096, (Colo. PDJ September 11, 2000), 2000 Colo. Discipl. LEXIS 26, (attorney suspended for one year and one day for failing to communicate with a client over a five month period during a critical period in the proceeding, failing to provide the court with his client's financial information, failing to notify the client of the final orders hearing, failing to appear on the client's behalf, and failing to cooperate with the Office of Attorney Regulation Counsel's investigation).

Determination of the appropriate sanction requires the PDJ and Hearing Board to consider aggravating and mitigating factors pursuant to ABA *Standards* 9.22 and 9.32 respectively. Since Powell did not participate in these proceedings, no mitigating factors were established. In aggravation, Powell engaged in a pattern of misconduct, *see id* at 9.22(c) and multiple offenses, *see id.* 9.22(d).

## IV. ORDER

It is therefore ORDERED:

1. EVAN SHAWN POWELL, attorney registration number 22148, is suspended from the practice of law for a period of one year and one day effective thirty-one days from the date of this Order.

2. Powell is Ordered to return the files belonging to Norma Eastridge and Jim Lottig forthwith.

3. Powell is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order.

Respondent shall have five (5) days thereafter to submit a response thereto.

## EXHIBIT 1

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 15, 1992, and is registered upon the official records of this court, registration No. 22148. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 231 E. Vermijo Avenue, Colorado Springs, Colorado 80903, and his registered home address is 3650 Knoll Lane, # 99, Colorado Springs, Colorado 80917.

### The Mercado Matter

1. Jovoni Mercado hired respondent to represent her in a dissolution of marriage action on January 12, 2000. Ms. Mercado paid respondent a retainer of $300.00 at the time she retained his services.

2. Respondent did not file a petition for dissolution of marriage on Ms. Mercado's behalf until March 26, 2000. He took no other action on her case.

3. Thereafter, respondent would not communicate with Ms. Mercado, despite Ms. Mercado's repeated attempts to communicate with respondent. Mercado's attempts to communicate with respondent included leaving telephone messages for him at his office and home telephone numbers.

4. On September 13, 2000, Ms. Mercado filed a motion to have respondent removed from her case. The motion was granted.

### CLAIM I

5. All prior averments are incorporated herein.

6. Respondent neglected Ms. Mercado's legal matter, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM II

7. All prior averments are incorporated herein.

8. Respondent failed to keep Ms. Mercado reasonably informed about the status of her legal matter and failed to comply with Ms. Mercado's reasonable requests for information, in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

### The Eastridge matter

9. Norma Eastridge hired respondent in February of 1999 to assist her in acquiring title to three separate retirement assets that had been awarded to her in a dissolution of marriage action. In addition, Ms. Eastridge's former spouse had filed a bankruptcy in an attempt to discharge his obligations pursuant to the decree of dissolution of marriage. Respondent was retained by Ms. Eastridge to file an adversary proceeding to protect Ms. Eastridge's interests in the marital property that had been awarded to her.

10. Ms. Eastridge last contacted respondent on November 12, 1999. At that point, respondent had done nothing on Ms. Eastridge's legal matters.

11. In January of 2000, Ms. Eastridge received notice from one of the retirement plans that she had received an interest in it. However, the documentation to divide the two other retirement plans had not been prepared by the respondent. Respondent never filed an adversary proceeding in bankruptcy court.

12. After her meeting with respondent in November of 1999, Ms. Eastridge called him four to five times a month and received only voice mail. She left requests for respondent to call her, but he did not. Ms. Eastridge sent her daughter to respondent's office two times, but the daughter was told by unidentified persons that respondent was unavailable. Ms. Eastridge has been abandoned by the respondent.

13. On November 1, 2000, Ms. Eastridge hired a new attorney to represent her.

## CLAIM III

14. The averments of paragraphs 10 through 14 are incorporated herein.

15. Respondent neglected Ms. Eastridge's legal matters, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM IV

16. The averments of paragraphs 10 through 14 are incorporated herein.

17. Respondent failed to keep Ms. Eastridge reasonably informed about the status of her legal matters and failed to promptly comply with Ms. Eastridge's reasonable requests for information, in violation of Colo. RPC 1.4(a). Respondent abandoned Ms. Eastridge.

Wherefore, complainant seeks relief as set forth more fully below.

### The Lottig matter

18. In 1997, Jim Lottig retained respondent on a contingency fee basis to sue certain individuals who built Mr. Lottig's residence. Respondent commenced the civil action and engaged in some discovery and investigation.

19. In May of 2000, Lottig settled with one of the defendants. Respondent received one-quarter of the settlement amount pursuant to the terms of the contingency fee agreement.

20. Thereafter, the civil action against the other defendants continued.

21. By September of 2000, Mr. Lottig had not heard from respondent concerning the case, and Mr. Lottig began attempting to contact respondent concerning the status of the legal matter.

22. Thereafter, respondent contacted Mr. Lottig at home and insisted that he dismiss the case against the remaining defendants. Lottig told respondent that he did not agree. Respondent called Mr. Lottig approximately one week later, again insisting that the case

be dismissed. Again, Lottig disagreed. That is the last time Mr. Lottig heard from the respondent.

23. On October 20, 2000, Lottig reviewed the court file concerning his civil action and discovered a trial date had been scheduled for October 23, 2000, but had been vacated at a pretrial conference held September 22, 2000. Lottig did not have notice of the scheduling of the trial, or the pretrial conference. An order from the pretrial conference required respondent to reset the trial date no sooner than 45 days, and no later than 60 days, after the date of the pretrial. The order states that if respondent does not reset the trial date, the court will consider it a failure to prosecute and dismiss the case for that reason.

24. Respondent did not reset the trial date, and the matter was dismissed for failure to prosecute.

25. Lottig has requested that respondent return his files and documents to him, but respondent has failed to do so, or to even to respond to Lottig's requests to return the file.

26. Lottig has tried repeatedly to contact respondent concerning the matter, but respondent will not return Lottig's messages or otherwise contact Lottig.

27. Respondent failed to respond to the request for investigation in this matter, in violation of C.R.C.P. 251.5(d) and 251.10(a). The envelope containing the request for investigation were returned to the Office of Attorney Regulation Counsel with a notation on the envelope: "Moved, left no address." A copy of the envelope is attached as exhibit A.

28. Respondent has failed to update his registered business and home addresses with the Office of Attorney Registration, as required by C.R.C.P. 227A(2)(b).

## CLAIM V

29. The averments of paragraphs 19 through 29 are incorporated herein.

30. Respondent neglected Lottig's legal matter in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM VI

31. The averments of paragraphs 19 through 29 are incorporated herein.

32. Respondent failed to communicate with Lottig concerning the status of his legal matter and failed to promptly comply with Lottig's reasonable requests for information in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM VII

33. The averments of paragraphs 19 through 29 are incorporated herein.

34. Respondent, by his neglect of Lottig's legal matter and by his failure and refusal to communicate with Lottig, abandoned Lottig, thereby terminating his services. Respondent failed and refused to return to Lottig property belonging to Lottig, including his file and evidence in the civil action, at the time he terminated his services, in violation of Colo. RPC 1.16(d).

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM VIII

35. The averments of paragraphs 19 through 29 are incorporated herein.

36. By failing to submit a response to the request for investigation and by failing to notify the Office of Attorney Registration of his new addresses, respondent has knowingly failed to comply with rules of a tribunal, and has failed to respond to a lawful demand for information from a disciplinary authority, in violation of Colo. RPC 3.4(c) and 8.1(b).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Con-

duct and that he be appropriately disciplined
and assessed the costs of these proceedings.