The **PEOPLE** of the State of Colorado, Complainant,

v.

**Julia M. ROYE, Respondent.**

**No. 02PDJ081.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

April 17, 2003.

Opinion by a Hearing Board consisting of the Presiding Disciplinary Judge, ROGER L. KEITHLEY, and Hearing Board Members DANTE J. JAMES and KATHRYN S. LONOWSKI, both members of the Bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED: ATTORNEY SUSPENDED FOR ONE YEAR AND ONE DAY*

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on March 5, 2003, before a Hearing Board consisting of the Presiding Disciplinary Judge Roger L. Keithley ("PDJ") and two Hearing Board members, Dante J. James and Kathryn S. Lonowski, both members of the bar. Fredrick J. Kraus, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Julia M. Roye, the respondent ("Roye"), did not appear either in person or by counsel.

The People filed a Complaint in this matter on September 24, 2002. The Proof of Service filed November 14, 2002 indicated that the Citation and Complaint were sent via certified and regular mail to Roye on September 25, 2002 to her registered home address.[1] Roye failed to file an Answer or otherwise respond to the Complaint.

The People moved for default on the claims set forth in the Complaint, and on December 5, 2002, the PDJ granted the motion as to the facts set forth therein, which were deemed admitted. The PDJ granted default as to the alleged rule violations set forth in the Complaint, which were deemed established, with the exception of claim six alleging a violation of Colo. RPC 8.1(b), which was subsequently withdrawn.

At the sanctions hearing, exhibits 1 and 2 were offered by the People and admitted into evidence. Aaron W. Barrick testified on behalf of the People. The Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, the testimony of the witness, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Julia Matilda Roye has taken and subscribed to the oath of admission, was admit-

---

1. All mailings sent to Roye at her last known business address have been returned unclaimed.

ted to the bar of the Supreme Court on October 23, 1995 and is registered upon the official records of this court under attorney registration number 26240. Roye is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default, and are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit "1." The entry of default also established the alleged violations of the Rules of Professional Conduct set forth therein.

## II. CONCLUSIONS OF LAW AND IMPOSITION OF SANCTION

The Complaint in the within matter alleges that Roye violated the following Colorado Rules of Professional Conduct: claim one, Colo. RPC 1.3(a lawyer shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer); claim two, Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) and Colo. RPC 1.4(b)(a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); claim three, Colo. RPC 3.4(c)(a lawyer shall not knowingly disobey an obligation under the rules of a tribunal); claim four, Colo. RPC 8.4(d)(a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and claim five Colo. RPC 1.16(d)(upon termination, a lawyer shall take steps to protect a client's interest and surrender papers and property to the client).

The allegations giving rise to this Complaint involve Roye's representation of one client. Roye filed injunctive proceeding to prevent seizure of equipment on behalf of the client on November 15, 2000, in Adams County District Court. The defendant filed an answer, a counterclaim and a third-party complaint. The parties resolved all issues with the exception of those alleged in the counterclaims. The case was set for trial on December 3, 2001. A status conference was set for November 5, 2001. Roye knew of the status conference and failed to appear.

The judge's division attempted to contact Roye, but Roye did not respond. On November 14, 2001, the court issued an order requiring Roye to contact the division no later than November 20, 2001 and state why the case had not been prosecuted. Roye did not respond to the order. Opposing counsel attempted to communicate by telephone with Roye on numerous occasions and she did not return the telephone calls. The client appeared before the court on November 20, 2001, and requested that the matter be continued so that new counsel could be obtained, and the court vacated the trial date. The client hired replacement counsel on November 27, 2001. The client attempted to contact Roye to request that she turn over the file and bring replacement counsel up to date. Roye did not respond. Replacement counsel attempted to contact Roye directly to no avail and subsequently reconstructed the file from court records. The client incurred additional costs due to Roye's abandonment. The case was eventually resolved through mediation.

Roye neglected the legal matter entrusted to her in violation of Colo. RPC 1.3 by failing to appear for a status conference and respond to the subsequent order of court; failing to prosecute the case; failing to participate in the drafting of a proposed case management and trial management order; failing to engage in discovery, and by failing to respond to the court, her client, opposing and replacement counsel.

 The facts established by the entry of default demonstrate that Roye effectively deserted and/or rejected the client. Such misconduct constitutes abandonment. To find abandonment rather than merely neglect, there must be proof that the attorney—during a given time period—was required to accomplish specific professional tasks for the client, failed to accomplish those tasks, and failed to communicate with the client. The proof must objectively indicate that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client. *People v. Powell,*

37 P.3d 545, 548 (Colo.O.P.D.J.2001), *citing People v. Carvell,* 62 P.3d 167 (Colo.PDJ 2000); 2000 Colo. Discipl. LEXIS 26. In the present case, Roye effectively terminated the attorney-client relationship when she failed to communicate with the court, her client, and opposing counsel over a four-month period despite their numerous attempts to communicate with her. Her disregard of the client's request that she turn over the file to replacement counsel and her failure to communicate with replacement counsel triggered the requirements of Colo. RPC 1.16(d), requiring her to take reasonable steps to protect the client's interests upon termination. She failed to do so. The totality of such conduct constitutes abandonment.

Roye failed to adequately communicate with the client in violation of Colo. RPC 1.4(a) and failed to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Roye failed to respond to her client's repeated telephone calls after August 2001; she made no efforts to communicate with the client or replacement counsel when he was hired in November 2001; she failed to advise the client as to the date of the status conference and the possible legal effects of failing to attend the conference, and she failed to advise the client of the court's order requiring Roye to file a written status report and the possible legal effects of her failing to do so.

Roye knowingly disobeyed an obligation under the rules of a tribunal in violation of Colo. RPC 3.4(c) when she failed to appear for a status conference and thereafter failed to comply with the court order requiring her to advise the court in writing or in person as to the status of the case.

Roye directly delayed and altered the course of court proceedings by failing to participate in a case management order, a trial management order, discovery, and two status conferences and thereby caused prejudice to the administration of justice in violation of Colo. RPC 8.4(d).

Finally, due to Roye's abandonment of the matter, the client was constrained to hire replacement counsel who requested that Roye provide the client's file to him. Roye failed to return the client's files and papers despite demands and requests that she do so. Roye failed to take steps to the extent reasonably practicable to protect a client's interest in surrendering papers and property to which the client was entitled in violation of Colo. RPC 1.16(d).

### III. IMPOSITION OF SANCTION

■■ Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992)("ABA *Standards* ") neglect rising to the level of abandonment warrants a sanction ranging from suspension to disbarment, depending on the facts of each case. *See* ABA *Standard* § 4.42(a)(providing that "[s]uspension is generally appropriate when (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); ABA *Standard* § 4.41(a)(providing that "[d]isbarment is generally appropriate when a lawyer abandons the practice and causes serious or potential serious injury to a client"). Colorado case law is consistent with this range of sanction.

In *People v. Odom,* 914 P.2d 342 (Colo. 1996), the attorney was suspended for three years for failing to keep one client informed regarding an offer by the estranged spouse to increase child support and failing to keep the client informed regarding social security benefits, misconduct which resulted in harm to the client. In a separate case, the attorney failed to perform requested services in a criminal matter, failed to refund a retainer, and abandoned the client. The attorney failed to participate in the disciplinary proceedings. In arriving at a three-year suspension, the Supreme Court stated:

> Prior case law would sustain either a long period of suspension or disbarment in his case. However, "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to . . . impose a period of suspension rather than disbarment."

914 P.2d at 345, (*quoting People v. Crimaldi,* 854 P.2d 782, 786 (Colo.1993)).

In *Odom,* the Court considered several aggravating factors including the attorney's prior discipline and assessed a three-year

period of suspension. In *People v. Rishel,* 956 P.2d 542 (Colo.1998) the Supreme Court suspended the attorney for one year and one day for seriously neglecting two client matters and recommended special conditions for reinstatement. In *Carvell,* 62 P.3d at 171, the Hearing Board suspended the attorney for one year and one day for failing to communicate with one client over a five-month period during a critical time in the proceeding, failing to provide the court with his client's financial information, failing to notify the client of the final orders hearing, failing to appear on the client's behalf, and failing to cooperate with the Office of Attorney Regulation Counsel's investigation. The within case is similar to *Carvell* in that the matter involved one client and one instance of abandonment. As in *Carvell,* there is no allegation that Roye misappropriated funds. Similarly, in *Powell,* 37 P.3d at 548, the Hearing Board found that a suspension of one year and one day was warranted where, in three separate matters, the attorney neglected clients' matters, failed to communicate with the clients, failed to return one client's file, and did not update his information with the Office of Attorney Registration. As in the present case, *Powell* involved one instance of abandonment.

The ABA *Standards* and Colorado case law also support a period of suspension for one instance of abandonment coupled with one instance of knowingly disobedience of an obligation under the rules of a tribunal in violation of Colo. RPC 3.4(c). *See Powell,* 37 P.3d at 548 (suspending attorney for one year and one day for several rule violations including failing to update his home and business addresses with Attorney Registration); *People v. Johnson,* 35 P.3d 192 (Colo.O.P.D.J.1999)(suspending attorney for one year and one day for court-ordered child support).

Pursuant to ABA *Standards* 9.22 and 9.32 respectively, aggravating and mitigating factors are considered in arriving at the appropriate sanction. Because Roye did not participate in these proceedings, no mitigating factors were established. The People informed the Hearing Board, however, that Roye has had no prior disciplinary history,

considered a mitigating factor pursuant to 9.32(a). *See Carvell,* 62 P.3d at 172 (considering an absence of a prior disciplinary record in mitigation in arriving at a one year and one day period of suspension). The Hearing Board also notes in mitigation that Roye was inexperienced in the practice of law, having been licensed for five years at the time of the events giving rise to this disciplinary proceeding. *See id.* at 9.32(f). In aggravation, Roye engaged in a pattern of misconduct, *see* ABA *Standard* 9.22(c). Given the mitigating and aggravating factors presented, a one year and one day suspension is warranted in this default proceeding.

## IV. ORDER

It is therefore ORDERED:

1. JULIA MATILDA ROYE, attorney registration number 26240, is SUSPENDED from the practice of law for a period of one year and one day effective thirty-one (31) days from the date of this Order.

2. In the event Roye wishes to resume the practice law in the State of Colorado, she must undergo formal reinstatement proceedings pursuant to C. R.C.P. 251.29(c) and (d).

3. Roye is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

## EXHIBIT 1

SUPREME COURT, STATE OF COLORADO

ORIGINAL PROCEEDING IN DISCIPLINE

BEFORE THE PRESIDING DISCIPLINARY JUDGE

600 17th Street, Suite 510–South

Denver, Colorado 80202

Complainant:

THE PEOPLE OF THE STATE OF COLORADO,

Respondent:

JULIA MATILDA ROYE

FREDRICK J. KRAUS, # 030507

Assistant Regulation Counsel

John S. Gleason, # 15011

Regulation Counsel

Attorneys for Complainant

600 17th Street, Suite 200–South

Denver, Colorado 80202

Telephone: (303) 893–8121 ext. 302

Fax No.: (303) 893–5302

Case Number:

**02PDJ081**

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### *Jurisdiction*

1.The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 23, 1995, and is registered upon the official records of this court, registration no. 26240. She is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is not listed with the Colorado Supreme Court, Office of Attorney Registration. The last known business address is 4875 DTC Blvd., Unit 107, Denver, CO 80237. The respondent's registered home address is 4950 S. Yosemite, # 158, Greenwood Village, Colorado 80111.

### *General Allegations*

2. Respondent was hired by HBCCI. & Associates, Inc. (hereinafter "HBCCI") to bring suit against MCC Construction Corporation (hereinafter "MCC"). An attorney-client relationship was thus formed.

3. Respondent filed suit on behalf of HBCCI on November 15, 2000, in the District Court of Adams County, case no. 00CV2603.

4. the case was assigned to the Honorable Judge Chris Melonakis.

5. The defendant, MCC, retained counsel, filed an answer, a counter-claim and a third-party complaint.

6. The case was set for a trial on December 3, 2001.

7. A status conference was set for November 5, 2001, at 8:30 a.m. On November 5, 2001, at 8:30 a.m. The respondent knew of the status conference. The respondent failed to appear for the status conference.

8. The Judge's division called respondent at the telephone number listed in her pleadings and left two voice mail messages for the respondent to call Judge Melonakis.

9. The respondent received the telephone messages from the Judge's division. Despite receiving these telephone voice mail messages, the respondent failed to respond.

10. On November 14, 2001, the court issued an order directed to the respondent to contact the division no later than November 20, 2001 and state why the case had not been prosecuted and when further action will be taken to resolve the case.

11. The order of November 14, 2001, was sent to the address listed in the respondent's pleadings. It was not returned to the court. It is presumed the respondent received the court order. The respondent did not respond or comply with the order.

12. Respondent's opposing counsel attempted to communicate by telephone with the respondent on numerous occasions. The respondent was well aware of the attempts to communicate with her, but nevertheless respondent did not return any telephone calls or communicate in any other manner with opposing counsel.

13. HBCCI appeared before the court on November 20, 2001, and requested that the matter be continued so that new counsel could be obtained.

14. The trial date of December 3, 2001, was vacated so that respondent's client could obtain new counsel.

15. On January 17, 2002, respondent's client retained new counsel.

16. Respondent's replacement counsel attempted to contact respondent to discuss the

case, and to obtain the file of the client from respondent. Respondent was aware of the attempts to discuss the case and obtain the file.

17. Respondent did not respond to the request for the client's file and did not communicate with her client's new counsel.

18. The Office of Attorney Regulation Counsel made repeated attempts to contact respondent by telephone at her registered office and residence telephone numbers, by mail at her registered office and registered home addresses, by mail at addresses listed in pleadings, and e-mail at an e-mail address listed in correspondence during the investigation of this matter. Some mail was returned, some mail was not. Respondent did not respond by mail or telephone to the attempts to communicate with her.

### CLAIM I

[A Lawyer Shall Act With Reasonable Diligence And Promptness In Representing A Client And Shall Not Neglect A Legal Matter Entrusted To That Lawyer–Colo. RPC 1.3]

19. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

20. Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

21. The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects:

 a. by failing to prosecute the case entrusted to her to its conclusion;

 b. by failing to participate in the drafting of a proposed case management order and trial management order;

 c. by failing to engage in and complete discovery;

 d. by failing to communicate with the court, her client, and opposing counsel and to participate in the status conference; and

 e. by failing to communicate with the client's new counsel;

Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and neglect, as do all of them together.

22. The respondent knew or should have known that her lack of diligence and promptness, and neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and neglect.

23. The respondent's lack of diligence and promptness, and neglect caused injury or potential injury to the client.

24. The respondent's pattern and practice of failing to accomplish her professional tasks for the client constitutes abandonment of the professional responsibilities owed to that client.

25. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM II

[A Lawyer Shall Keep A Client Reasonably Informed About The Status Of A Matter, And Explain A Matter To The Extent Reasonably Necessary To Permit The Client To Make Informed Decisions Regarding The Representation–Colo. RPC 1.4(a) and (b) ]

26. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

27. Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

28. The respondent failed to keep the client reasonably informed about the status of the legal matter and failed to comply promptly with reasonable requests for information in the following respects:

 a. by failing to respond to her client's repeated telephone calls;

 b. by failing to advise the client that there was a status conference on November 5, 2001, and the possible legal effects of failing to attend the conference;

c. by failing to advise the client of a November 14, 2001, order to file a written status report and the possible legal effects of her failing to do so;

d. by failing to advise the client that she was not going to appear for the status conference on November 5, 2001, or the November 14, 2001 hearing to report or to file a written status report and the possible legal effects of her failing to do so;

e. by failing to maintain minimum communications with the client from August, 2001, to the date the client was forced to retain new counsel; and

f. by failing to respond to the client's new counsel's reasonable request for information and the file.

Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

29. The respondent knew or should have known that she had failed to communicate adequately with her client over a period of months.

30. The respondent's pattern and practice of failing to communicate with the client caused injury or potential injury to the client.

31. The respondent's failure to communicate on these matters constitutes abandonment of the professional responsibilities owed to the client.

32. Colo. RPC 1.4(b) provides that a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

33. The respondent failed to explain to the client the matter in which the client was involved to the extent reasonably necessary to permit the client to make informed decisions in the following respects:

a. by failing to explain sufficiently the client's legal rights and obligations in participation of the status conference on November 5, 2001 proceedings, and explain the practical implications therein;

b. by failing to inform the client fully and promptly of material developments in the matter to permit the client to make informed decisions regarding the representation; and

c. by failing to respond to new counsel's request for information and explain the matter to new counsel.

Each of these failures to explain constitutes a separate violation of Colo. RPC 1.4(b) as do all of them together.

34. The respondent knew or should have known that she failed to adequately explain the legal matter to the client over a period of months.

35. The respondent's pattern and practice of failing to explain these legal matters to the client caused potential injury to the client.

36. The respondent's failure to adequately explain the client matter constitutes abandonment of the professional responsibilities owed to the client.

37. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and violates Colo. RPC 1.4(a) and (b).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM III

### [A Lawyer Shall Not Knowingly Disobey An Obligation Under The Rules Of A Tribunal–Colo. RPC 3.4(c) ]

38. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

39. Colo. RPC 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

40. The respondent was aware of the court order to appear for a status conference. The respondent knowingly disobeyed a court order to appear for a status conference on November 5, 2001.

41. The respondent was aware of a subsequent order of court to inform the court as to the status of the case in writing or in person. The respondent knowingly disobeyed a court order by not responding, in writing or in person, to an order dated November 14, 2001, to inform the court as to the status of the case by November 20, 2001.

42. No exception exists under Colo. RPC 3.4(c) for the respondent's knowing failure to

comply with the court order for a conference on November 5, 2001, and the court order dated November 14, 2001.

43. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 3.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IV

**[A Lawyer Shall Not Engage In Conduct That Is Prejudicial To The Administration Of Justice–Colo. RPC 8.4(d) ]**

44. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

45. Colo. RPC 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

46. The respondent directly delayed and altered the course of court proceedings by failing to participate in a case management order, a trial management order, discovery, and two status conferences and thereby caused prejudice to the administration of justice.

47. By failing to respond to court orders for a status report on two occasions which directly led to the court resetting the trial of the case, the respondent acted in contravention of the court's authority.

48. Such failure to attend interfered with the ebb and flow of the procedures and the function of the court.

49. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and violates Colo. RPC 8.4(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM V

**[Upon Termination, A Lawyer Shall Take Steps to Protect a Client's Interest And Surrender Papers And Property to the Client–Colo. RPC 1.16(d) ]**

50. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

51. The respondent effectively terminated the attorney-client relationship and also when she failed to communicate with her client despite the client's numerous attempts to communicate with her, by not appearing at the hearing on November 20, 2001,

52. On January 17, 2002, new counsel filed an entry of appearance for HBCCI in the suit.

53. The attorney who replaced respondent made requests for the client's file from respondent.

54. Respondent failed to return the client's files and papers despite demands and requests to do so.

55. Colo. RPC 1.16(d) requires that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest in surrendering papers and property to which the client is entitled.

56. The respondent knew or should have known that she was failing to protect the client's interest by not communicating with the client or new counsel and by not returning the client's file.

57. The foregoing conduct of respondent in failing to take steps reasonably necessary to protect the client's interest and returning papers and property of the client establishes grounds for discipline as provided for in C.R.C.P. 251.5 and also violates Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VI

**[An Attorney Shall Respond To A Request By The Regulation Counsel For Information Necessary To Carry Out The Performance Of Regulation Counsel's Duty–C.R.C.P. 251.5(d); A Lawyer Shall Not Knowingly Fail to Respond Reasonably To A Lawful Demand for Information From A Disciplinary Authority Colo. RPC 8.1(b) ]**

58. Paragraphs 1 through 18 are incorporated herein.

59. C.R.C.P. 251.5(d) requires that an attorney respond to a request by the Attorney Regulation Counsel for information to carry out the performance of its duties.

60. The respondent failed to respond to repeated attempts by the Office of Attorney Regulation Counsel to information from the respondent.

61. The respondent knew or should have known that she was failing to cooperate and respond to the request by Attorney Regulation Counsel.

62. The foregoing conduct of the respondent in failing to respond to requests of Attorney Regulation Counsel establishes grounds for discipline as provided in C.R.C.P. 251.5.

63. Colo. RPC 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority, except if the information is protected by Colo. RPC 1.6 or there is a good faith challenge to the demand.

64. The respondent knowingly violated the rule by failing to respond to the demands for information made by Attorney Regulation Counsel during the investigation of the subject matter of this disciplinary proceeding.

65. The information sought did not require disclosure of information otherwise protected by Colo. RPC 1.6.

66. The respondent made no good faith challenge to the demand by Attorney Regulation Counsel for such information.

67. The foregoing conduct of the respondent in failing to respond to requests of regulation counsel establishes grounds for discipline as provided in C.R.C.P. 251.5, and violates Colo. RPC 8.1(b).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; that the respondent be appropriately disciplined for such misconduct; and that the respondent be assessed the costs of this proceeding.

DATED this _____ day of September, 2002.

Respectfully submitted,

_____

FREDRICK J. KRAUS, # 030507 Assistant Regulation Counsel

John S. Gleason, # 15011

Regulation Counsel

Attorneys for Complainant